**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTEL WHITE,

    Plaintiff - Appellant,

v.

C/O ELIZABETH STEPHENSON; CAPT.
CLIFFORD GULLIFORD, #10334,

    Defendants - Appellees,

and

LT. ELIZABETH WOOD, #13057; 4
UNNAMED UNKNOWN
CORRECTIONAL OFFICERS AT
BUENA VISTA CORRECTIONAL
FACILITY,

    Defendants.

No. 20-1229
(D.C. No. 1:19-CV-00875-RBJ-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Martel White, a state inmate appearing pro se, appeals from the district court's dismissal of his civil rights action seeking damages. 42 U.S.C. § 1983; White v. Stephenson, No. 19-cv-00875, 2020 WL 2832380 (D. Colo. June 1, 2020), adopting in part 2020 WL 4511179 (Mar. 24, 2020). Mr. White's amended complaint alleged (1) cruel and unusual punishment based a failure to prevent an attack on him by rival gang members, (2) violations of the Fourteenth Amendment based on defendants' failure to initiate and follow the established procedure for placing him in protective custody, and (3) excessive force in defendants returning Mr. White to general population and in the use of pepper spray in breaking up a fight in which Mr. White was the victim. Defendants moved to dismiss or in the alternative for summary judgment.

The district court granted Defendants' motion for summary judgment and dismissed all claims and the action with prejudice. The district court determined that Mr. White's official capacity claims were barred by Eleventh Amendment immunity and that the John Doe defendants were properly dismissed for want of specific facts demonstrating excessive force. As for the remaining claims, the district court granted the named defendants qualified immunity on the grounds that the law was not clearly established.

On appeal, Mr. White raises some twenty-three issues in his brief. He objects to various procedural steps in the course of the lawsuit, takes issue with the district court's statement of various facts, and contests whether the district court got it right that the law was not clearly established. He argues that he has shown constitutional

2

violations given clearly established law, some of which should be obvious without citations to specific cases.   We have reviewed these issues raised and affirm the district court for substantially the same reasons it relied upon.

AFFIRMED.  We grant Mr. White's motion to proceed IFP and remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge